UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT WAYNE DAVIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00204-JRG-DCP |
| | ) | |
| RUSTY LONZA, SOUTHERN HEALTH PARTNERS, JOSH SMITH, BRADLEY HIPSHIRE, MARK ELLIS, CHRIS WOMPSHIER, and CLAIBORNE COUNTY JUSTICE CENTER, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On July 29, 2019, the Court entered an order requiring Plaintiff to show cause within fourteen days why this action should not be dismissed for his failure to report his change of address to the Court [Doc. 6]. The order warned Plaintiff that the failure to timely comply with the order would result in the dismissal of his case [*Id.* at 2]. A copy of the order was also mailed to the alternative, permanent address listed on Plaintiff's complaint on August 5, 2019 [Doc. 7]. More than fourteen days have passed since the Clerk mailed a copy of the order to Plaintiff's alternative address, and Plaintiff has not complied with the order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed party was warned that failure to cooperate could lead to dismissal; and
(4) whether less drastic sanctions were imposed or considered before dismissal was
ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault, as it appears that Plaintiff received the Court's order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding *in forma pauperis* [Doc. 4] in this matter and lacks the financial resources to be sanctioned monetarily.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b), and the Court will **CERTIFY** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE